# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY CROPPER, | : | |
| --- | --- | --- |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-85** |
| | : | |
| LEHIGH COUNTY PRISON, *et al.*, | : | |
|     Defendants. | : | |

| ANTHONY CROPPER, | : | |
| --- | --- | --- |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-86** |
| | : | |
| LEHIGH COUNTY PRISON, *et al.*, | : | |
|     Defendants. | : | |

| ANTHONY CROPPER, | : | |
| --- | --- | --- |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-87** |
| | : | |
| LEHIGH COUNTY PRISON, *et al.*, | : | |
|     Defendants. | : | |

## <u>MEMORANDUM</u>

**BAYLSON, J.**                                                                 **MARCH 9, 2020**

    Plaintiff Anthony Cropper, a convicted prisoner now incarcerated at SCI Laurel Highlands, has filed three civil rights complaints pursuant to 42 U.S.C. § 1983 and Motions for Leave to Proceed *In Forma Pauperis*.[1] Named as Defendants in each of the cases are Lehigh

---

[1] Cropper provided a copy of his inmate account statement only for Civ. A. No. 20-87. In the accompanying Order, the Court will direct the Clerk of Court to file the statement in his other two cases. Cropper also failed to sign the Complaint for Civ. A. No. 20-85. In an Order filed on

County Prison ("LCP"), LCP Warden Kyle Russell, LCP Director Carol Sommers and LCP Director Janine Donate.  For the following reasons, Cropper will be permitted to proceed *in forma pauperis* in each of his cases.  Defendant LCP will be dismissed with prejudice from each case, and the balance of each Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **FACTUAL ALLEGATIONS**

A. **Civil Action 20-85**

Cropper asserts that in March 2019, while incarcerated at LCP as a pretrial detainee,[2] he was called to the medical unit "for diabetics."  (ECF No. 2 at 4.)[3]  He claims he is not diabetic and had the right to refuse treatment.  As a result of his refusal to go to the medical unit, an unnamed Sergeant issued him a misconduct, locked him in his cell, and attempted to have him placed in administrative segregation.  (*Id.*)  Cropper asserts the Sergeant was retaliating against

---

January 14, 2020 (*see* ECF No. 4), the Clerk of Court was directed to return the unsigned Complaint to Cropper and directed Cropper to sign and return it to the Court.  That Order also advised Cropper that § 1915 screening of all three of his cases would be deferred pending receipt of the signed Complaint.  (*Id.*)  Cropper returned the signed Complaint on February 24, 2020 (*see* ECF No. 6.)

[2] A review of publicly available records shows that Cropper was arrested on October 15, 2018 by the Allentown Police Department on charges of receiving stolen property and possession of a firearm by a prohibited person.  *Commonwealth v. Cropper*, CP-39-5478-2018 (C.P. Lehigh)  Bail was posted on November 29, 2018.  Cropper entered a *nolo contendere* plea on August 26, 2019 and was sentenced the same day to imprisonment for 9 to 24 months.  It is not clear from the state court docket whether he was in custody between the time he posted bail and his plea date.  He appears to have been transferred to SCI Laurel Highlands on December 18, 2019.  Cropper'S inmate account statement indicated he was held as a pretrial detainee at LCP from as early as May 2019.  As each of Cropper's Complaints reference dates prior to his entry of a plea, the Court will analyze his claims using the standard for claims brought by pretrial detainees.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.  The document referenced in each section of factual allegations refers to the Complaint in that specific case.

2

him for writing grievances. (*Id.*) He claims he appealed a grievance about the Sergeant to the Warden. (*Id.* at 3.) He seeks $80,000 in damages for harassment. (*Id.* at 4.)

### B. Civil Action 20-86

Cropper claims he has been harassed by unnamed correctional officers under the authority of Defendants Russell, Donate and Sommers. (ECF No. 2 at 4.) He was called racially offensive names, his property was destroyed, he was verbally threatened, "and denied certain rights allowed to me by the medical dept." (*Id.*) He again asserts he was locked in his cell with threats of placement in restricted housing for refusing diabetic treatment. (*Id.*) He also alleges that prison administrators dismissed all of his grievances. (*Id.*) He seeks $97,000 in damages. (*Id.*)

### C. Civil Action 20-87

Cropper claims that on August 12, 2019 he was served rotten hard-boiled eggs that made him sick. He also alleges he was served moldy bread on a number of occasions, and in July 2019 he was served spoiled chicken that made him sick. (ECF No. 3 at 4.) He seeks $44,000 in damages. (*Id.*)

## II. STANDARD OF REVIEW

Because Cropper appears to be unable to pay the filing fee in these cases, the Court will grant him leave to proceed *in forma pauperis*.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaints if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

[4] Because Cropper is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments for each case he filed.

3

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Cropper is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against LCP

The § 1983 claims against LCP in each of these case are dismissed as frivolous because a prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

### B. Claims Against the Individual Defendants

In each of his cases Cropper names as Defendants Warden Russell, Director Sommers and Director Donate. Other than name these individuals in the captions of each Complaint, Cropper never mentions any of them again in Civ. A. Nos. 20-85 and 20-86, other that to assert that Warden Russell denied the appeal of his grievances. In Civ. A. No. 20-86, Cropper asserts that corrections officers "under the authority" of these Defendants verbally harassed him, destroyed his property, and denied him certain, unstated rights.

#### 1. Claims Based on Denials of Grievances

Any claim against Warden Russell based upon his actions in denying Cropper's grievances must be dismissed with prejudice. Claims based on the handling of prison grievances

4

fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Cropper about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### 2. Supervisor Liability Claims

The "under the authority" claim in Civ. A. No. 20-86, as well as all other other claims against these Defendants, must also be dismissed as implausible. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Cropper makes no plausible allegation upon which supervisory liability may be found. He does not allege that any of the named individuals were personally involved in the verbal harassment, destruction of property or denial of his rights. He also does not allege that they were deliberately indifferent in establishing or maintaining policies that caused Cropper constitutional harm.

### 3. Claims Based on Verbal Harassment and Destruction of Property

Even if he had alleged a plausible basis for supervisor liability, to the extent his claims are based on verbal harassment and destruction of property they would fail for the additional reasons that verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (holding that threat to spray inmate with mace did not violate Eighth Amendment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). The alleged destruction of property also does not state a plausible constitutional violation because Pennsylvania law provides Cropper with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).

### 4. Claims Based on Tainted Food

Cropper's claim based upon having twice been sickened after being served tainted food also fails to state a plausible constitutional violation. Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment typically includes both objective and

subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 295, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Seiter*, 501 U.S. at 298-99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

Cropper's allegations about tainted food are insufficient to satisfy either the objective or subjective components of a due process claim. A constitutionally adequate diet "must provide adequate nutrition, but corrections officials may not be held liable [as to claims of inadequate food] unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013) (citing *Stevenson*, 495 F.3d at 68 (3d Cir. 2007) and *Seiter*, 501 U.S. at 298)). Objectively, "[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation." *Id* at 720 (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "Under the Eighth Amendment, which provides a floor for the rights of pretrial detainees, *see Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003), inmates must be served

7

'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well-being." *Duran*, 923 F. Supp. 2d at 720 (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramons v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)); *Mora v. Camden Cty.*, Civ. A. No. 09-4183, 2010 WL 2560680, at *8 (D.N.J. June 21, 2010)).

Cropper's allegations do not satisfy the objective requirement. "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran*, 923 F. Supp.2d at 720 ("Being served cold meals . . . is not 'punishment' under *Bell*. So long as the food is nutritionally adequate, the mere fact that it is unvaried or cold does not give rise to a constitutional violation . . .") (citing *Nickles v. Taylor*, Civ. A. Nos. 09-313, 09-557, 09-952, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010) ("A single or occasional incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities"). He does not allege he was malnourished, that others became ill due to systemic problems with inadequate or spoiled food, or that a significant portion of his diet consisted of such food.

Cropper also has failed to allege the subjective component of the *Stevenson* test. The test for deliberate indifference is "subjective recklessness" as that concept is understood in criminal law. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Cropper has not offered any facts from which a court could reasonably infer deliberate indifference by anyone at LCP with respect to food quality or to the minimum requirements of providing a non-harmful diet based on the two discreet incidents he describes. Without any allegation necessary to demonstrate substantial nutritional deprivation on a recurring basis or subjective recklessness, Cropper's claims against the Defendants is implausible for this additional reason.

### C. Grant of Leave to Amend

Because the Court cannot say at this time that Cropper can never assert a plausible claim based upon his being sickened by tainted food, this aspect of Civ. A. No. 20-87 will be dismissed without prejudice and Cropper will be granted leave to file an amended complaint if he is able to cure the defects the Court has identified with respect to both the substance of the claim and the Defendants against whom Cropper has asserted the claim.

While Cropper's claim in Civ. A. No. 20-85 is implausible against the named supervisor Defendants based on their handling of his grievance, Cropper may be able to state a plausible claim against the unnamed Sergeant he mentions therein. Accordingly, that Complaint will be dismissed without prejudice and with leave to amend to name the appropriate defendant(s) who allegedly retaliated against him for filing grievances.

Similarly, while the claims contained in Civ. A. No. 20-86 are not plausible as pled against the named supervisor Defendants, Cropper's may be able to assert a plausible claim based on his allegation that he has suffered deprivations due to his assertion of a right to refuse medical treatment. Accordingly, that Complaint will also be dismissed without prejudice and with leave to amend to name the appropriate defendant(s) who allegedly violated his rights.

## IV. CONCLUSION

For the reasons stated, (1) all claims against LCP and (2) all claims against all Defendants based on grievances, verbal threats, or destruction of property, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The remainder of each Complaint are dismissed without prejudice as described above and with leave granted to Cropper to file an amended complaint or complaints if he is able to cure the defects in the claims that the Court has

identified. An appropriate Order follows.

**BY THE COURT:**

**s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, J.**